# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVON PHILLIPS,<br>ALTON W. CUMBO,<br><br>Plaintiffs<br><br>v<br><br>SGT. OLUWEMIMO SAIBU,<br>CO II ORIYOMI BABOE,<br>COII MILTON TARKANG,<br>COII ABEEB KAZEEM,<br>SGT. ADEMOLA IDOWU,<br>COII ADEMOLA ADENIYI,<br><br>Defendants | *<br>*  Civil Action No. PWG-17-3221<br>   (Consolidated with PWG-17-3305)<br>*<br>*<br>*<br>*<br>*<br>*<br>***** |

## MEMORANDUM OPINION

Presently pending and ready for resolution in this civil rights case is Defendant Abeeb Kazeem's unopposed Motion to Dismiss or in the Alternative, Motion for Summary Judgment. ECF No. 29. No hearing is necessary.[1] Local Rule 105.6 (D. Md. 2018). For the reasons following, Defendant's Motion will be treated as a Motion for Summary Judgment and will be granted.

## BACKGROUND

On February 28, 2019, I granted Defendants' Motion for Summary Judgment except for the excessive force claim against Correctional Officer Abeeb Kazeem, which I denied without prejudice and directed Defendants' counsel to respond to the allegation that Kazeem used handcuffs like "brass knuckles" to hit Cumbo in the eye. ECF No. 27, 28 at 2, 12.[2] Counsel filed

---

[1] Plaintiffs were notified that they are entitled to file an opposition with supporting materials including affidavits, declarations, and other records. ECF Nos. 27, 30. Neither Plaintiff filed a reply or responsive materials, and the time for doing so has passed.

[2] The facts of this case are summarized in my February 8, 2019, Memorandum Opinion and incorporated here by reference.

the pending dispositive motion with Kazeem's declaration[3] and verified exhibits on March 8, 2019. ECF No. 29.

## STANDARD OF REVIEW

Kazeem's motion will be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Defendant has submitted materials outside the original pleadings and Plaintiffs were given the opportunity to object or otherwise respond to such evidence. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

A motion for summary judgment is granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013); *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). District courts must "thoroughly analyze[ ]" even an unopposed motion for summary judgment. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013) (citing *Robinson v. Wix Filtration Corp*., 599 F.3d 403, 409 n.8 (4th Cir. 2010)). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *CX Reinsurance Co. Ltd. v. Heggie*, ELH-15-1674, 2016 WL 6025488, at *5 (D. Md. 2016) (quoting *Custer v. Pan Am. Life Ins. Co*., 12 F.3d 410, 416 (4th Cir. 1993)).

---

[3] This is Kazeem's second declaration filed in this case. ECF No. 21-8, ECF No. 29-2. The first did not address Cumbo's allegation that he was hit with handcuffs.

**DISCUSSION**

To establish an Eighth Amendment claim for use of excessive force, a plaintiff must demonstrate that a prison official "acted with a sufficiently culpable state of mind (subjective component)" and that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). In his declaration, Kazeem denies that he ever "made any contact" with or attempted to strike Cumbo with handcuffs. ECF No. 29-2. Kazeem declares that he "did not use handcuffs as 'brass knuckles' and strike Plaintiff Cumbo in the eye as he alleges." *Id.* Kazeem states that on the day of the incident, he ordered Cumbo to stop kicking his cell door and to turn around for handcuffing. Kazeem twice removed the handcuffs from his utility belt when it seemed that Cumbo would comply with the handcuffing orders. *Id.* Cumbo did not comply; instead, he hit Kazeem on the shoulder and face, causing him to fall to the ground. *Id.*

Cumbo has not opposed the summary judgment motion with an affidavit or other similar evidence to show that there is a genuine issue of material fact to premise an excessive force claim. Absent a genuine issue as to any material fact, Kazeem is entitled to judgment as a matter of law.

For the foregoing reasons, the Motion for Summary Judgment will be granted. A separate Order follows.

January 3, 2020 /S/
Date Paul W. Grimm
United States District Judge